**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

CHARLES AARON BROOKS,

     Plaintiff - Appellant,

v.

RICHARD D. ROGERS; RALPH L.
DELOACH; E.J. GALLEGOS;
HARLEY G. LAPPIN; W. BRIGGS;
and A. GONZALES,

     Defendants - Appellees.

No. 06-3317
(D.C. No. 05-CV-3419-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

_____

Charles Aaron Brooks, a federal prisoner, appeals the district court's order

dismissing his 42 U.S.C. § 1983 action as frivolous and malicious. For

substantially the same reasons set forth by the district court, we **DISMISS** his

appeal.

_____

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

Brooks filed suit against District Judge Richard D. Rogers, the clerk of the District Court for the District of Kansas, and various federal officials under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Without benefit of proof Brooks claims he paid the five dollar fee required to file a habeas petition in federal district court with a "commercial check" for $100,000, and that defendants then conspired to prevent court docketing of his check and withhold his "change." Although Brooks apparently seeks a refund of the entire $100,000, we note that even if his allegations were true he would only be entitled to receive "change" of approximately $99,195: He remains obligated to pay his outstanding balances of $350 with respect to the district court filing fee and $455 in filing fees required to pursue this appeal.

The district court dismissed Brooks' claim under 28 U.S.C. § 1915(e)(2)(B) as "frivolous and malicious, as stating no claim for relief, and as seeking relief from defendants who are immune from such relief." Because it acted under this provision, the court considered its dismissal a "strike" under 28 U.S.C. § 1915(g). Section 1915(g) prevents a prisoner from bringing either a civil action or an appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury." The district court also denied his motion for reconsideration brought under Federal Rule of Civil Procedure 60(b).

Brooks' claim is plainly frivolous under § 1915(e)(2)(B), and we therefore **DISMISS** his appeal.[1]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] The dismissal by this court counts as Brooks' second strike pursuant to 28 U.S.C. § 1915(g). Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."). Brooks is hereby on notice that if he receives one additional strike he will not be permitted to proceed in forma pauperis in any civil action filed in federal court unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).